UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA BAILY, | : | Civil Action No. 02CV5153 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| AETNA INC., | : | |
| | : | |
| Defendant. | : | |

**AMENDED NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §1441, Defendant Aetna Inc. ("Defendant") by its undersigned attorneys, hereby removes this action from the Court of Common Pleas of Northampton County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania. Removal is based on the following:

1. On or about July 8, 2002, Plaintiff Lisa Baily ("Plaintiff") filed a Complaint against Defendant in the Court of Common Pleas of Northampton County, Pennsylvania, captioned "Lisa Baily v. Aetna Inc.", No. 2002-CV-0291. (A copy of the Complaint is attached as Exhibit A).

2. The sole count of Plaintiff's Complaint purports to bring an action against Defendant for an alleged violation of the Family and Medical Leave Act of 1993, 42 U.S.C. §2601, et seq. ("FMLA"). The gravamen of Plaintiff's Complaint is that Defendant allegedly unlawfully retaliated against her for exercising her rights under the FMLA.

3. Plaintiff's Complaint, on its face, asserts only a claim arising under federal law, namely the FMLA.

4. Section 1441(a) of Title 28 of the United States Code provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

5. Section 1441(b) of Title 28 of the United States Code provides that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. §1441(b). Section 1331 of Title 28 of the United States Code provides that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331.

6. This action is being removed to this court based upon federal question jurisdiction because Plaintiff's Complaint asserts only a cause of action "arising under the laws . . . of the United States, " thereby conferring original jurisdiction upon this court under 28 U.S.C. §1331.

7. Northampton County is embraced by the United States District Court for the Eastern District of Pennsylvania. Therefore, this action is properly removed to the United States District Court for the Eastern District of Pennsylvania under 28 U.S.C. §1441(a) and (b).

8. This notice is timely under 28 U.S.C. §1441(b) in that it is filed within thirty (30) days after receipt by defendant of a copy of the Complaint, the first pleading from which it could be ascertained that the case is removable.[1]

9. Defendant preserves herein any and all other bases for removal of this action to this Court.

10. Written notice of the filing of this Notice of Removal is being concurrently served on Plaintiff.

11. A certified copy of the notice of removal was filed with the Prothonotary of the Court of Common Pleas for Northampton County.

WHEREFORE, defendant hereby removes the above action now pending in the Court of Commons Pleas for Northampton County to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

/s/ *Jill Garfinkle Weitz*
JILL GARFINKLE WEITZ
KLETT ROONEY LIEBER & SCHORLING
Two Logan Square, 12th Floor
18th & Arch Streets
Philadelphia, PA 19103

Attorney for Defendant
Aetna Inc.

---

[1] Aetna notes that a Writ of Summons, designating Aetna Inc. as plaintiff and Lisa Baily as defendant, along with a Praecipe for Summons was sent to Aetna Inc. in January 2002. Nowhere on the Writ of Summons or Praecipe of Summons does it state the basis of the action being asserted. (A copy of the Writ of Summons and Praecipe of Summons is attached as Exhibit B). Thus, these documents did not set forth "the claim for relief upon which [Plaintiff's] action or proceeding is based," let alone provide information from which Defendant could ascertain that the case was removable. 28 U.S.C. §1446(b); see also Steff v. Township of Salisbury, 1999 WL 761134 (E.D. Pa. Sept. 21, 1999).

CERTIFICATE OF SERVICE

I, Jill Garfinkle Weitz, Esquire, hereby certify that on this 25th day of July, 2002, I caused to be served a true and correct copy of the foregoing Amended Notice of Removal by United States first-class mail, postage pre-paid, upon the following:

>Donald P. Russo, Esquire
>117 East Broad Street
>P.O. Box 1890
>Bethlehem, PA 18016

>/s/ *Jill Garfinkle Weitz*
>JILL GARFINKLE WEITZ