IN THE COURT OF COMMON PLEAS OF
NORTHAMPTON COUNTY, PENNSYLVANIA
CIVIL DIVISION

LISA BAILY,

        Plaintiff

v.

AETNA, INC.,

        Defendant

NO. 2002-CV-0391

COPY

JURY TRIAL DEMANDED

## NOTICE TO DEFEND

    YOU HAVE BEEN SUED IN COURT. IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THIS COMPLAINT AND NOTICE ARE SERVED, BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY AN ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED IN THE COMPLAINT OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE PLAINTIFF. YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

    YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Northampton County Bar Association
Lawyer Referral Service
155 South Ninth Street
Easton, Pennsylvania 18042
(610) 258-6333

IN THE COURT OF COMMON PLEAS OF
NORTHAMPTON COUNTY, PENNSYLVANIA
CIVIL DIVISION

LISA BAILY, :
: No. 2002-CV-0391
    Plaintiff :
:
v. :
:
AETNA, INC., :
: JURY TRIAL DEMANDED
    Defendant :

## COMPLAINT

AND NOW comes the Plaintiff Lisa Baily, by and through her undersigned counsel, averring as follows:

1. The Plaintiff is Lisa Baily, an adult individual who resides at 4098 Locust Drive, Northampton, Northampton County, Pennsylvania, 18067.

2. Defendant is Aetna, Inc., which, upon information and belief, is a corporation with offices located at 3541 Winchester Road, Allentown, Lehigh County, Pennsylvania, 18104.

3. The Plaintiff's position with the Defendant was that of Claim Benefits Specialist.

4. The Plaintiff, on August 31, 2001, was constructively discharged from her employment with the Defendant.

## COUNT I

### VIOLATION OF ANTI-RETALIATION PROVISIONS OF FAMILY AND MEDICAL LEAVE ACT, 29 U.S.C. SECTION 2615(a)

5. The Plaintiff incorporates herein by reference thereto paragraphs 1 through 4 as if the same were more fully set forth at length herein.

6. Defendant is an "employer", within the definition set forth in the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. Section 2611(4).

7. At all times relevant hereto, Plaintiff was an "eligible employee" to receive benefits pursuant to the FMLA.

8. Plaintiff, on August 2, 2001, was out of work on FMLA leave.

9. Plaintiff's FMLA leave was for a serious health condition.

10. The Plaintiff believes, and therefore avers, that given the nature of her serious health condition, there was a distinct possibility that her need for FMLA leave would have been of an ongoing nature.

11. The Plaintiff was out of work on 8/02/01 until 8/31/01. Upon her return to work, the Plaintiff continued to be harassed by her supervisor, Patricia Maroun, regarding the problem which had precipitated the Plaintiff's need to take FMLA leave.

2

12. The Plaintiff believes, and therefore avers, that the harassment she was experiencing on the job affected her health, to the point where she felt a need to request possible additional leave from the Defendant's Human Resources Department.

13. The Plaintiff attempted to work with the Defendant's Human Resources Department to obtain approval for additional time off from work, and, to receive paid benefits to which she was entitled for any such days off from work, but the Plaintiff received no cooperation from the Defendant regarding her requests.

14. The Plaintiff believes, and therefore avers, that her supervisor, Patricia Maroun, continued to harass her in order to restrain and/or coerce her from being in a position to use additional FMLA leave to treat her illness.

15. The Plaintiff believes, and therefore avers, that she was constructively discharged from her employment with the Defendant to retaliate against her for having exercised her right to take FMLA leave, and to interfere with her right to take FMLA leave in the future.

16. The Plaintiff believes, and therefore avers, that the Defendant willfully and intentionally violated the FMLA.

17. The Plaintiff has suffered, and will continue to suffer, monetary loss, as well as emotional distress, anxiety and anguish, due to the Defendant's unlawful conduct.

WHEREFORE, the Plaintiff respectfully requests your Honorable Court to grant her the following relief, as set forth in Section 107 of the FMLA, 29 U.S.C. Section 2617:

3

(a) Any wages, salary, employment benefits or other compensation denied or lost to the Plaintiff by reason of said violations, together with interest calculated at the prevailing rate; plus;

(b) An additional amount as liquidated damages, pursuant to 29 U.S.C. Section 2617(a)(1)(A)(iii);

(c) Such equitable relief as may be appropriate, including, employment promotions; and,

(d) Attorney's fees and costs.

Respectfully submitted,

*Donald P. Russo*
DONALD P. RUSSO, ESQUIRE
Attorney for Plaintiff
117 East Broad Street
P.O. Box 1890
Bethlehem, PA 18016-1890
(610) 954-8093
Attorney I.D. #25873

## **VERIFICATION**

I, Lisa Baily, being duly sworn according to law, depose and say that the facts set forth in the within Complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements contained herein are made subject to the penalties of 18 Pa.C.S.A. Section 4904 relating to unsworn falsifications to authority.

Date: 5-24-03

_____
LISA BAILY

4