UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA BAILY, | : | Civil Action No. 02CV5153 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| AETNA INC., | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT AETNA INC.'S**
**ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant Aetna Inc. ("Defendant"), hereby answers Plaintiff's Complaint in the above captioned matter as follows:

1. Admitted in part, denied in part. Defendant admits that Plaintiff is an adult individual. Defendant is without sufficient information to form a belief as to the truth or falsity of the remaining allegations of paragraph 1 of the Complaint and, accordingly, they are denied.

2. Denied as stated. It is admitted that Defendant Aetna Inc., is a corporation, with offices located at 3541 Winchester Road, Allentown, Lehigh County, Pennsylvania, 18195.

3. Admitted.

4. The allegations of paragraph 4 of the Complaint are conclusions of law to which no response is required and, accordingly, they are denied. To the extent that the allegations in paragraph 4 of the Complaint are deemed factual, they are denied.

## COUNT I

### VIOLATION OF ANTI-RETALIATION PROVISIONS OF FAMILY AND MEDICAL LEAVE ACT, 29 U.S.C. §2615(a)

5. Defendant incorporates by reference its answers to paragraph 1-4 of the Complaint as if fully set forth herein.

6. The allegations of paragraph 6 of the Complaint are conclusions of law to which no response is required and, accordingly, they are denied.

7. The allegations of paragraph 7 of the Complaint are conclusions of law to which no response is required, and, accordingly, they are denied.

8. Denied as stated. It is admitted only that on or about August 2, 2001, Plaintiff was granted a leave of absence. The remaining allegations of paragraph 8 of the Complaint are denied.

9. The allegations of paragraph 9 of the Complaint are conclusions of law to which no response is required and, accordingly, they are denied. To the extent that the allegations of paragraph 9 of the Complaint are deemed factual, they are denied.

10. The allegations of paragraph 10 of the Complaint are conclusions of law to which no response is required and, accordingly, they are denied. To the extent that the allegations of paragraph 10 of the Complaint are deemed factual, they are denied.

11. The allegations of paragraph 11 of the Complaint are conclusions of law to which no response is required and, accordingly, they are denied. To the extent that the allegations of paragraph 11 of the Complaint are deemed factual, they are denied.

12. The allegations of paragraph 12 of the Complaint are conclusions of law to which no response is required and, accordingly, they are denied. To the extent that the allegations of paragraph 12 of the Complaint are deemed factual, they are denied.

13. Denied.

14. The allegations of paragraph 14 of the Complaint are conclusions of law to which no response is required and, accordingly, they are denied. To the extent that the allegations in paragraph 14 are deemed factual, they are denied.

15. The allegations of paragraph 15 of the Complaint are conclusions of law to which no response is required and, accordingly, they are denied. To the extent that the allegations in paragraph 15 are deemed factual, they are denied.

16. The allegations of paragraph 16 of the Complaint are conclusions of law to which no response is required and, accordingly, they are denied. To the extent that the allegations in paragraph 16 are deemed factual, they are denied.

17. The allegations of paragraph 17 of the Complaint are conclusions of law to which no response is required and, accordingly, they are denied. To the extent that the allegations in paragraph 17 are deemed factual, they are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims, in whole or in part, fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims, in whole or in part, are barred by the doctrines of waiver, estoppel, and/or unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to some or all of the relief sought in her Complaint.

### FOURTH AFFIRMATIVE DEFENSE

Defendant did not act willfully or intentionally.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendant acted at all times lawfully.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of after-acquired evidence.

### SEVENTH AFFIRMATIVE DEFENSE

All actions taken by Defendant were based on legitimate, non-retaliatory reasons that were not a pretext for retaliation.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by her failure to mitigate damages.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to some or all of the relief requested as a matter of law.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because she did not suffer from a serious health condition and was not otherwise eligible for leave pursuant to the Family Medical Leave Act.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because she voluntarily resigned her employment with Defendant.

<u>TWELFTH AFFIRMATIVE DEFENSE</u>

Defendant exercised reasonable care to prevent and correct promptly harassing behavior, if any, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer or avoid harm otherwise.

<u>THIRTEENTH AFFIRMATIVE DEFENSE</u>

Defendant preserves herein any and all other defenses that it may have in this case.

WHEREFORE, Defendant respectfully requests that the Complaint be dismissed with prejudice, that judgment be entered in favor of Defendant, and that Defendant be granted its reasonable costs and attorneys' fees, and whatever further relief the Court deems appropriate.

Respectfully submitted,

/s/ *Jill Garfinkle Weitz*
JILL GARFINKLE WEITZ
KLETT ROONEY LIEBER & SCHORLING
Two Logan Square, 12th Floor
18th & Arch Streets
Philadelphia, PA 19103

Attorney for Defendant
Aetna Inc.

**CERTIFICATE OF SERVICE**

I, Jill Garfinkle Weitz, Esquire, hereby certify that on this 25th day of July, 2002, I caused to be served a true and correct copy of Defendant Aetna Inc.'s Answer To Complaint and Affirmative Defenses by United States first-class mail, postage pre-paid, upon the following:

>Donald P. Russo, Esquire
>117 East Broad Street
>P.O. Box 1890
>Bethlehem, PA 18016

>/s/ *Jill Garfinkle Weitz*
>JILL GARFINKLE WEITZ